IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM DENNY OLMSTED,

    Plaintiff,

v.                                                                                              Civ. No. 22-cv-791 GBW

THE BANK OF NEW YORK MELLON F/K/A
THE BANK OF NEW YORK AS TRUSTEE
FOR THE FIRST HORIZON MORTGAGE
PASS-THROUGH CERTIFICATES
SERIES PHAMS 2006-FA1,

    Defendant.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for a Civil Case, *Doc. 1*, filed October 24, 2022.[1]

This action arises out of a foreclosure action filed in state court on August 20, 2009, No. D-101-CV-200902725. *See id.* at ¶ 7. State court records indicate there was a decision against Plaintiff on November 9, 2018. It appears that Plaintiff appealed the state district court decision in 2019, the New Mexico Court of Appeals affirmed the state

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See Doc. 4*. Plaintiff has paid the filing fee. *See Doc. 3*. The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Sec. and Exch. Comm'n v. Mgmt. Sols., Inc.*, 824 F. App'x 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016)).

district court decision on June 13, 2022, and the New Mexico Supreme Court denied Plaintiff's petition for certiorari on September 23, 2022. *See* Case No. A-1-CA-38154. Plaintiff was represented by counsel in the foreclosure action in state district court. *See doc. 1* at ¶¶ 28, 39, 58, 63, 65, 66.

Plaintiff asserts that he "was not afforded a fair adversarial process in the 2009 [action] and the ensuing appeal which violated my right to due process under the U.S. Constitution." *Id.* at ¶ 79. Plaintiff now seeks the following declaratory judgments from this Court:

i. "New Mexico violated [Plaintiff's] due process rights in the 2009 Case and the appeals that followed."

ii. "[T]he 2009 Case legally terminated when the orders respecting the aforementioned motions for summary judgment were not appealed."

iii. "[T]he 2009 Case was effectively terminated when the order removing the only plaintiff in the case was not appealed."

iv. "[N]either FHHL nor [Defendant] could be holders of my Note except via a negotiation pursuant to § 55-3-201, unless [Defendant] admits to having obtained holder status as a thief or finder of the Note."

v. "[T]he 2009 Case should have terminated under New Mexico law prior to the Trial, making the resulting judgment void."

vi. "the facts of the case, interpreted under New Mexico's publicized law, require a holding that [Defendant] was not entitled to foreclose on my house."

*Id.* at 14-16. Plaintiff also asserts a malicious abuse of process claim against Defendant based on Defendant's conduct during the foreclosure action. *See id.* at ¶¶ 97-104.

**I. Declaratory Relief**

It appears that much of the relief Plaintiff seeks is barred by the *Rooker-Feldman* doctrine which

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction.

*Velasquez v. Utah*, 775 F. App'x 420, 422 (10th Cir. 2019) (citations omitted); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

Furthermore, Plaintiff has not shown that the Court should exercise its discretion and entertain Plaintiff's requests for declaratory relief.

> Whether a district court has discretion to entertain a suit for declaratory judgment does not depend solely on the jurisdictional basis of the suit. As the Supreme Court stated in *Wilton*, "district courts possess discretion in determining whether ... to entertain an action under the Declaratory Judgment Act, *even when the suit otherwise satisfies subject matter jurisdictional prerequisites.*" This is because the Declaratory Judgment Act itself is "an enabling Act, which confers a discretion on the courts," regardless of the jurisdictional bases upon which the suit is brought.

*United States v. City of Las Cruces*, 289 F.3d 1170, 1180-81 (10th Cir. 2002) (citations omitted); 28 U.S.C. § 2201(a) (Declaratory Judgment Act states district courts "*may declare the rights and other legal relations of any interested party seeking such declaration*") (emphasis added). In determining whether to accept jurisdiction in a declaratory judgment action, the Court should ask:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata* "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's claims for declaratory relief as barred by the *Rooker-Feldman* doctrine. If Plaintiff asserts that the claims for declaratory relief are not barred by the *Rooker-Feldman* doctrine, Plaintiff must file an amended complaint containing factual allegations supporting his assertion that that the claims for declaratory relief are not barred by the *Rooker-Feldman* doctrine and showing that the Court should exercise its discretion and entertain Plaintiff's requests for declaratory relief.

II.  **Malicious Abuse of Process**

It appears that the Complaint fails to state a claim upon which relief can be granted as to malicious abuse of process. The elements of a malicious abuse of process claim are:

> (1) the use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge; (2) a primary motive in the use of process to accomplish an illegitimate end; and (3) damages. An improper use of process may be shown by (1) filing a complaint without probable cause, or (2) "an irregularity or impropriety suggesting extortion, delay, or harassment[,]" or other conduct formerly actionable under the tort of abuse of process. A use of process is deemed to be irregular or improper if it (1) involves a procedural irregularity or a misuse of procedural devices such as discovery, subpoenas, and attachments, or (2) indicates the wrongful use of proceedings, such as an extortion attempt. Finally, we emphasize that the tort of malicious abuse of process should be construed narrowly in order to protect the right of access to the courts.

*Durham v. Guest*, 204 P.3d 19, 26 (N.M. 2009) (citations omitted).

Plaintiff alleges that Defendant "knew it did not have probable cause for FHHL filing suit nor for [Defendant] having taken over the fight as substitute plaintiff." *Doc. 1* at ¶ 101. Plaintiff incorporates by reference 70 factual allegations describing the proceedings in state court but does not indicate which of those allegations support his contention that Defendant did not have probable cause to continue with the proceedings. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (A complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests"). Plaintiff also alleges that Defendant "filed false documents with the

5

NM district court," "managed to get [a witness] to give inconsistent testimony under oath," "had no genuine proof of right in my Note and Mortgage [and] enlisted FHHL's help to craft a false Complaint," and "tried to win by wearing me down by attrition of my meager resources."  *Doc. 1* at ¶¶ 98, 100, 101.  Plaintiff does not identify the factual allegations suggesting that Defendant misused the proceedings for purposes of extortion, delay or harassment.  *See Guest v. Berardinelli*, 195 P.3d 353, 361-62 (N.M. Ct. App. 2008) (stating that "settlement negotiations, without evidence of extortion or other fraudulent behavior, cannot give rise to a procedural impropriety sufficient to meet the second element of a [malicious abuse of process] claim").

    The Court orders Plaintiff to file an amended complaint because the Complaint does not give Defendant fair notice of the grounds for Plaintiff's malicious abuse of process claim.

**III.**    **Case Management and Compliance with Rule 11**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, **within 21 days of entry of this Order:** (i) show cause why the Court should not dismiss this case; and (ii) file an amended

7

complaint, as described above.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE