IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM DENNY OLMSTED,

    Plaintiff,

v.  No. 1:22-cv-00791-WJ-GBW

THE BANK OF NEW YORK MELLON F/K/A
THE BANK OF NEW YORK AS TRUSTEE
FOR THE FIRST HORIZON MORTGAGE
PASS-THROUGH CERTIFICATES
SERIES PHAMS 2006-FA1,

    Defendant.

## **MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This action arises out of a foreclosure action filed in state court on August 20, 2009. *See* Complaint for a Civil Case at 2, ¶ 7, Doc. 1, filed October 24, 2022 ("Complaint"). Plaintiff, who is proceeding *pro se* in this action, was a defendant and represented by counsel in the state-court action. *See* Complaint at 4, ¶ 28; at 7, ¶ 39; at 10, ¶ 58; at 11, ¶¶ 63, 65; at 12, ¶ 66.

The state court entered final judgment in favor Defendant Bank of New York Mellon and the original plaintiff in the state-court action on November 9, 2018. *See* Doc. 9-1. After Plaintiff appealed from the district court's denial of his motion to reconsider its judgment of foreclosure in favor of the Bank of New York, the New Mexico Court of Appeals, on June 13, 2022, affirmed the district court's denial of Plaintiff's motion to reconsider. *See* Doc. 9-3. On September 23, 2022, the New Mexico Supreme Court denied Plaintiff's petition for writ of certiorari. *See* Doc. 9-6. On November 16, 2022, the New Mexico Supreme Court denied Plaintiff's motion for rehearing. *See* Doc. 9-7.

Plaintiff asserts that he "was not afforded a fair adversarial process in the 2009 [action] and the ensuing appeal which violated my right to due process under the U.S. Constitution." Complaint at 14, ¶ 79. Plaintiff now seeks six declaratory judgments and asserts a malicious abuse of process claim against Defendant. *See* Complaint at 14-18.

**Order to Show Cause**

Chief United States Magistrate Judge Gregory B. Wormuth explained to Plaintiff that the Court has discretion whether to entertain requests for declaratory relief and ordered Plaintiff to file an amended complaint showing that the Court should exercise its discretion and entertain Plaintiff's requests for declaratory relief. *See* Order to Show Cause at 3-4, Doc. 7, filed December 2, 2022.

Judge Wormuth also notified Plaintiff:

> Plaintiff alleges that Defendant "knew it did not have probable cause for FHHL filing suit nor for [Defendant] having taken over the fight as substitute plaintiff." Complaint at 17, ¶ 101. Plaintiff incorporates by reference 70 factual allegations describing the proceedings in state court but does not indicate which of those allegations support his contention that Defendant did not have probable cause to continue with the proceedings. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"). Plaintiff also alleges that Defendant "filed false documents with the NM district court," "managed to get [a witness] to give inconsistent testimony under oath," "had no genuine proof of right in my Note and Mortgage [and] enlisted FHHL's help to craft a false Complaint," and "tried to win by wearing me down by attrition of my meager resources." Complaint at 17, ¶¶ 98, 100, 101. Plaintiff does not identify the factual allegations suggesting that Defendant misused the proceedings for purposes of extortion, delay or harassment. *See Guest v. Berardinelli*, 2008-NMCA-144, ¶¶ 26, 28 (stating "We hold that settlement negotiations, without evidence of extortion or other fraudulent behavior, cannot give rise to a procedural impropriety sufficient to meet the second element of a [malicious abuse of process] claim").

Order to Show Cause at 5-6.

Judge Wormuth ordered "Plaintiff to file an amended complaint because the Complaint does not give Defendant fair notice of the grounds for Plaintiff's malicious abuse of process claim. Order to Show Cause at 6; *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("a district

2

court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed"); *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("The degree of specificity needed to establish plausibility and provide fair notice depends on the context and the type of case); *Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

An order for an amended complaint with more specificity is appropriate for claims such as malicious abuse of process which are disfavored and construed narrowly. *See Fleetwood Retail Corp. of N.M. v. LeDoux*, 2007-NMSC-047, ¶ 11 ("the malicious abuse of process tort is disfavored in the law because of the potential chilling effect on the right of access to the courts") (citations and quotation marks omitted); *Durham v. Guest*, 2009-NMSC-007, ¶ 29 ("the tort of malicious abuse of process should be construed narrowly in order to protect the right of access to the courts"); *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993) ("The purpose of [Rule 12(b)(6)] is to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity).

Judge Wormuth notified Plaintiff that failure to timely file an amended complaint may result in dismissal of this case. *See* Order to Show Cause at 8. Plaintiff did not file an amended complaint.

**Motion to Dismiss**

Defendant Bank of New York Mellon filed a Motion to Dismiss, which is now before the Court, contending that: (i) the Court lacks subject-matter jurisdiction under *Rooker-Feldman*; (ii)

Plaintiff's claims are barred from re-litigation by the doctrine of res judicata; and (iii) the Complaint otherwise fails to state a claim. *See* Motion to Dismiss at 11, Doc. 9 filed December 16, 2022 ("Motion").

***Rooker-Feldman***

Defendant contends the relief Plaintiff seeks is barred by the *Rooker-Feldman* doctrine which:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

The *Rooker-Feldman* doctrine does not bar this action because Plaintiff filed this case on October 24, 2022, before the New Mexico Supreme Court denied Plaintiff's motion for rehearing on November 16, 2022, and before the New Mexico Court of Appeals entered its Mandate to District Court Clerk on December 14, 2022, stating "This decision being now final, the cause is remanded to you for any further proceedings consistent with said decision/order." *See Guttman v. Khalsa*, 446 F.3d 1027, 1032 (10th Cir. 2006) ("Guttman filed his federal suit while his petition for certiorari to the New Mexico Supreme Court was pending. His state suit was not final. As such,

the *Rooker–Feldman* doctrine does not bar his federal suit and the district court does have subject matter jurisdiction to hear the case").

**Declaratory Relief**

      Plaintiff seeks the following declaratory judgments from this Court:

(i)    "New Mexico violated my due process rights in the 2009 Case and the appeals that followed."

(ii)    "the 2009 Case legally terminated when the orders respecting the aforementioned motions for summary judgment were not appealed."

(iii)    "the 2009 Case was effectively terminated when the order removing the only plaintiff in the case was not appealed."

(iv)    "neither FHHL nor [Defendant] could be holders of my Note except via a negotiation pursuant to § 55-3-201, unless [Defendant] admits to having obtained holder status as a thief or finder of the Note."

(v)    "the 2009 Case should have terminated under New Mexico law prior to the Trial, making the resulting judgment void."

(vi)    "the facts of the case, interpreted under New Mexico's publicized law, require a holding that [Defendant] was not entitled to foreclose on my house."

Complaint at 14-16.

> Whether a district court has discretion to entertain a suit for declaratory judgment does not depend solely on the jurisdictional basis of the suit. As the Supreme Court stated in *Wilton,* "district courts possess discretion in determining whether ... to entertain an action under the Declaratory Judgment Act, *even when the suit otherwise satisfies subject matter jurisdictional prerequisites.*" 515 U.S. at 282, 115 S.Ct. 2137 (emphasis added). This is because the Declaratory Judgment Act itself is "an enabling Act, which confers a discretion on the courts," regardless of the jurisdictional bases upon which the suit is brought. *Id.* at 287, 115 S.Ct. 2137 (quotation omitted).

*United States v. City of Las Cruces*, 289 F.3d 1170, 1180-81 (10th Cir. 2002); 28 U.S.C. § 2201(a) (Declaratory Judgment Act states district courts "*may* declare the rights and other legal relations of any interested party seeking such declaration") (emphasis added).  In determining whether to accept jurisdiction in a declaratory judgment action, the Court should ask:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata* "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

The Court declines to exercise its discretion and entertain Plaintiff's requests for declaratory relief.  Plaintiff did not comply with Judge Wormuth's Order to file an amended complaint containing factual allegations showing that the Court should exercise its discretion and entertain Plaintiff's requests for declaratory relief.  Order to Show Cause at 4.  Granting Plaintiff's requests for declaratory relief will not settle the foreclosure controversy or clarify the legal relations at issue because the controversy and legal relations were decided when the New Mexico Supreme Court denied Plaintiff's petition for a writ of certiorari and denied Plaintiff's petition for rehearing.  Plaintiff's requests for declaratory judgment appear to be "procedural fencing" in that Plaintiff is attempting to avoid the decisions of the state district court, the New Mexico Court of Appeals and the New Mexico Supreme Court.  Granting Plaintiff's requests for declaratory judgment would improperly encroach upon state jurisdiction.

**Malicious Abuse of Process**

The elements of a malicious abuse of process claim are:

> (1) the use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge; (2) a primary motive in the use of process to accomplish an illegitimate end; and (3) damages. An improper use of process may be shown by (1) filing a complaint without probable cause, or (2) "an irregularity or impropriety suggesting extortion, delay, or harassment[,]" or other conduct formerly actionable under the tort of abuse of process. *Fleetwood Retail Corp. of N.M.,* 2007–NMSC–047, ¶ 12, 142 N.M. 150, 164 P.3d 31 (citation omitted). A use of process is deemed to be irregular or improper if it (1) involves a procedural irregularity or a misuse of procedural devices such as discovery, subpoenas, and attachments, or (2) indicates the wrongful use of proceedings, such as an extortion attempt. *DeVaney,* 1998–NMSC–001, ¶ 28, 124 N.M. 512, 953 P.2d 277 (listing examples of abuse of process). Finally, we emphasize that the tort of malicious abuse of process should be construed narrowly in order to protect the right of access to the courts. *Id.* ¶ 19.

*Durham v. Guest*, 2009-NMSC-007, ¶ 29.

Defendant contends that the Complaint fails to state a claim for malicious abuse of process stating:

> [Defendant] won at every state court level. Plaintiff cannot plausibly argue the original foreclosure complaint was filed without probable cause.
>
> A showing of improper motive requires more than simply acting with ill will or spite—the goal must be to accomplish an illegitimate end, such as knowingly pursuing a meritless claim, pursuing a claim primarily to deprive another of the beneficial use of his property unrelated to the merits of the claim, misusing the law for harassment or delay, or initiating proceedings to extort the defendant. There is no evidence, let alone any plausible and factually supported allegations [Defendant's] conduct rises to the level of an abuse of process claim. Foreclosure was initiated because Plaintiff defaulted on his loan. There is nothing improper in enforcing a mortgage default debt through a contractually defined remedy. [Defendant] prevailed and obtained the legitimate goal of obtaining a judgment to foreclose on property.

Motion at 10-11.

In his Response, Plaintiff states:

> I am pro se. I think I've satisfied the pleading requirements . . . If the Court thinks my work has fallen short in some way, I would appreciate the opportunity to amend my Complaint so the issues that bring me to this Court can be addressed and finally resolved.
> . . . .
> These brief allegations [in the Complaint] are supported by a wealth of underlying detail which are not in the Complaint because of the notice pleading requirement.

7

> The Motion acknowledges, on p10, the fact intensive nature of this cause of action but the standard of proof is basic preponderance of the evidence. I believe that the facts are clearly on my side. Whether I succeed in making the required proof, is a matter for trial, not for disposition under this Rule 12(b)(6) attack.

Response at 4, 8-9, Doc. 11, filed January 9, 2023.

The Court dismisses Plaintiff's malicious abuse of process claim with prejudice for failure to state a claim. The Complaint fails to give Defendant fair notice of the grounds for Plaintiff's malicious abuse of process claim. Plaintiff did not comply with Judge Wormuth's Order to file an amended complaint with more specificity regarding the malicious abuse of prosecution claim. Plaintiff's Response to the Motion to Dismiss cites 30 paragraphs in his Complaint, states that those allegations "are supported by a wealth of underlying detail which are not in the Complaint" and that he believes the facts are clearly on his side, but does not explain how those allegations provide sufficient specificity to state a claim for malicious abuse of prosecution. *See Lebahn v. Owens*, 813 F.3d 1300, 1307-08 (10th Cir. 2016) ("[I]t is not the court's job to comb the record in order to make the non-movant's arguments for him").

**Amend**

Plaintiff seeks leave to file an amended complaint stating: "If the Court thinks my work has fallen short in some way, I would appreciate the opportunity to amend my Complaint." Response at 4, 9 (stating Plaintiff "pray[s] . . . for an opportunity to amend my Complaint if the Court deems that necessary").

"The court should freely give leave *when justice so requires*." Fed. R. Civ. P. 15(a)(2) (emphasis added). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Sinclair Wyoming Refining Co. v. A&B Builders, Ltd.*, 989 F.3d 747, 777 (10th Cir. 2021).

The Court denies Plaintiff's request for an opportunity to now file an amended complaint. Plaintiff does not explain why he did not file an amended complaint after Judge Wormuth notified Plaintiff that the Complaint failed to give Defendant fair notice of the malicious abuse of process claim and ordered Plaintiff to file an amended complaint. Furthermore, Plaintiff did not attach to his Response a proposed amended complaint setting forth additional facts to support his malicious abuse of process claim. *See* D.N.M.LR-Civ. 15.1 ("A proposed amendment to a pleading must accompany the motion to amend").

**IT IS ORDERED** that:

(i) Defendant's Motion to Dismiss at 11, Doc. 9 filed December 16, 2022, is **GRANTED.**

(ii) This case is **DISMISSED** as follows. Plaintiff's requests for declaratory judgments are **DISMISSED without prejudice.** Plaintiff's malicious abuse of process claim is **DISMISSED with prejudice.**

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**